**BROWN, Plaintiff-Appellant, v. SCHULENBERG, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6068.   Decided February 25, 1959.

Russell H. Volkema & Harold Dragoo, Columbus, for plaintiff-appellant.

Gingher & Christensen, Paul R. Gingher, of Counsel, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

Submitted upon motion of the defendant-appellee, seeking an order to strike the bill of exceptions, assignments of error, and brief from the files, and for an order dismissing the appeal or, in the alternative, for an order affirming the judgment of the trial court.

The appeal is on questions of law from a judgment of the Court of Common Pleas entered upon the verdict of a jury. An examination of the transcript of docket and journal entries discloses that the plaintiff-appellant filed his notice of appeal on November 20, 1958. Thereafter, on January 6, 1959, a bill of exceptions was filed in the Court of Common Pleas, which was forty-seven days after the notice of appeal had been filed. Then, on January 16, 1959, said bill of exceptions was filed in this court and, on February 2, 1959, the plaintiff-appellant filed his assignments of error and brief, which was seventy-four days after the filing of the notice of appeal. We do not regard the failure to file the assignments of error and brief in accordance with Rule VII (2) as fatal, for that was only a violation of a court rule which may be waived in order that substantial justice may be served. Therefore, the motion to strike the assignments of error and brief will be overruled. However, we regard the failure to file the bill of exceptions with the trial court not later than forty days after the filing of the notice of appeal in accordance with §2321.05 R. C., as fatal.

This section of the Revised Code provides in part as follows:

"* * * the party excepting must reduce his objections to writing as a bill of exceptions, and file them in the cause, not later than forty days after the perfecting of the appeal by the filing of the notice of appeal within the time provided by §2505.07 R. C."

The statutory forty-day requirement is in addition to court rule and, therefore, may not be waived. See **Clark v. Davenport, 74 Abs 544,** and **Fortner v. Adams, 74 Abs 143.**

In **Tenesy v. Cleveland, 133 Oh St 251,** the court clearly states the mandatory requirement in the syllabus as follows:

"1. When an appeal is taken on questions of law, it is mandatory that a bill of exceptions be filed in the trial court within the forty-day limitation prescribed by §11564 GC, to enable a reviewing court to consider the contents of such bill.

"2. Where such bill of exceptions is not filed in the trial court within the time so prescribed, and the errors assigned are such as can be disclosed only by a bill of exceptions, the reviewing court has no alternative but to affirm the judgment."

**164**

See also **Mayborn v. Continental Casualty Co., 165 Ohio St 87.**

As a result of the failure to file the said bill of exceptions within the time fixed by §2321.05 R. C., a motion to strike the same must be and is hereby sustained. We have examined the assignments of error and find that they are such as may be disclosed only by a bill.of exceptions; hence, the court has no alternative but to affirm the judgment. Tenesy v. Cleveland, supra.

It is to be noted that the court did not lose jurisdiction of the cause because of the failure to seasonably file and, if other errors were assigned which did not require a bill of exceptions to exemplify the same, the case would have to be retained for determination on such error assignments.

The judgment is affirmed.

BRYANT, PJ, DUFFY, J, concur.